**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FREEDOM ECONOMY BUSINESS ASSOCIATION,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF THE TREASURY; SCOTT BESSENT, in his official capacity as Secretary of the Treasury; COMMUNITY DEVELOPMENT FINANCIAL INSTITUTIONS FUND; and CHRIS MILLER, in his official capacity as Director of the CDFI Fund,

Defendants.

Case No. 1:26-cv-03288 (CJN)

# **JOINT STATUS REPORT**

Pursuant to the Court's September 28, 2026, Minute Order ("Order"), Plaintiff Freedom Economy Business Association ("Freedom Economy") and Defendants United States Department of the Treasury; Scott Bessent, in his official capacity as Secretary of the Treasury; Community Development Financial Institutions Fund; and Chris Miller, in his official capacity as Director of the CDFI Fund (collectively, "Defendants," and together with Plaintiff Freedom Economy, "the Parties"), respectfully submit this Joint Status Report.

In accordance with the Court's Order, the Parties met and conferred and submit their respective positions as follows:

**Plaintiff's Statement**

1. Pursuant to the Court's instructions during yesterday's hearing and the Order, Freedom Economy has sought to resolve the Motion without continued Court action. But Defendants are stonewalling on the question of lapse—which was the central question during the hearing, was at the core the parties' meet and confer after the hearing, is Freedom Economy's chief concern, and is at the heart of the relief Freedom Economy seeks in its Motion.

2. Specifically, Freedom Economy provided Defendants with a proposed stipulation to resolve the Motion. *See* Ex. A (the "Proposed Stipulation"). The Proposed Stipulation requests, among other things, that Defendants commit that the FY25 Funds—that it has sworn under oath have been obligated—will not lapse, expire, or otherwise become unavailable for disbursement after September 30, 2026.

3. The Proposed Stipulation is intended to address concerns that Freedom Economy placed on the record during yesterday's hearing, as well as those articulated in its Motion and Reply Brief. Those concerns relate to conflicting communications that Freedom Economy members have received from Defendants. As explained during yesterday's hearing, one member of Freedom Economy has reported that it received a notification from Treasury denying its application and subsequently received an email approving its application for FY25 Funds. *See* Ex. B (Declaration of Tynesia Boyea-Robinson). Resultantly, this Freedom Economy member does not know which notice governs and is unsure of its application for FY25 Funds.

4. Moreover, and as Freedom Economy explained during yesterday's hearing, Treasury's notice of awards conflict with the declaration of CDFI Director Chris Miller, which was submitted by Defendants in support of its Response Brief. Specifically, the notices that recipients received explained that the FY25 Funds become obligated when the terms and conditions of the Assistance Agreements are executed. *See* Ex. C (Notice of Award). But Mr.

Miller's declaration notes that the FY25 Funds have already been obligated even though no Assistance Agreements have been provided to award recipient, let alone executed by the award recipients and Treasury. As a result, Freedom Economy is unclear if these funds have in fact been obligated.

5. Critically, if the funds have not been obligated, then they will expire tomorrow.

6. Put plainly, Freedom Economy is unclear if the FY25 funds have been obligated *as a matter of law*, which notices from the government should be trusted, and which notices form the basis of the overall numbers presented in Mr. Miller's declaration.

7. The lack of clarity has been exacerbated by the Treasury's departure from its past practice of publicly posting award recipients and amounts, as it has in connection with all prior CDFI Program award announcements since at least 2019. *See* ECF #14 at 4-5. For this round, Treasury announced on September 15, 2026, that it had made its "final award selections" without identifying any recipient or amount, and it has not publicly posted award recipients or amounts since September 22 and 23, 2026, the dates on which Mr. Miller's declaration states the awards were obligated.

8. In an effort to cooperatively moot the need for a TRO, Freedom Economy provided Defendants with the Proposed Stipulation.

9. Counsel for Defendants rebuffed that overture and proposed text for this Joint Status Report that does not address the question of lapse. Not only that, but when counsel for Freedom Economy requested this morning to have a follow-up discussion to address this question, counsel for Defendants responded in part: "We do not see a need to agree to your proposed stipulation. You have our declaration, and we have already prepared a draft JSR. We view this as a straightforward exercise." Ex. D.

10. There is no prejudice to Defendants by merely confirming that the funds they claim are obligated will not lapse. If the funds are obligated as they claim, then confirming that they will not lapse in the ordinary course should be of no concern. By contrast if the funds do lapse the plaintiff will be severely prejudiced and may have no judicial recourse.

11. There was a time when courts routinely afforded government counsel a presumption of regularity, but Freedom Economy submits the evasiveness of government counsel in this case is precisely why that presumption is no longer in favor. *E.g.*, *In re Search of One Device & Two Individuals under Rule 41*, 784 F. Supp. 3d 234, 245 n.10 (D.D.C. 2025) (noting that "[b]lind deference to the government? That is no longer a thing. . . High deference is out; trust, but verify is in."); *Nat'l Treasury Emps. Union v. Vought*, 816 F. Supp. 3d 1, 7-8, 20 (D.D.C. 2025) (noting that the government continued to argue that "no court supervision was necessary because they were in fact performing their statutory obligations", but the government's representations and submitted declarations were "inconsistent with the facts on the ground"; finding the government was "attempt[ing] to achieve the very end the Court's injunction was put in place to prevent.").

12. Due to the confusion detailed above surrounding the FY25 Funds and Freedom Economy's continued fear that FY25 Funds will lapse tomorrow, Freedom Economy believes that the relief sought in its Motion remains necessary, absent agreement of Defendants to the Proposed Stipulation. (And to be clear, if Defendants were to agree to the Proposed Stipulation, Freedom Economy would withdraw its Motion.)

13. In addition, Freedom Economy proposes that the parties meet and confer to regarding a schedule for Defendants' response to the Complaint.

**Defendants' Statement**

1. **Declaration of Christopher Miller**

As set forth in the Declaration of Christopher Miller filed on September 28, 2026, the CDFI Fund publicly announced the final award selections for the FY 2025 CDFI Program and FY 2025 NACA Program, FY 2026 BEA Program and FY 2026 SDL Program on September 15, 2026. The Fund made the announcement through a notice posted on its public website, and through an email to stakeholders that subscribe to its email announcement system. The announcement provided general information about the awards.

Appropriated and apportioned budget authority supporting the CDFI Fund's competitive grant awards becomes obligated when the CDFI Fund issues a Notice of Award to a successful applicant. The Notice of Award identifies the recipient, the amount of the award and the basic terms and conditions of the award.

After a successful applicant receives a Notice of Award, the applicant must enter into an Assistance Agreement with the CDFI Fund in order to receive payment of the award. The Assistance Agreement sets forth the full terms and conditions applicable to the award, including, among other things, the award amount, permitted uses of the award funds, applicable performance requirements, and reporting requirements. The Assistance Agreement is executed as part of the CDFI Fund's closing and disbursement process.

On September 22, 2026, and September 23, 2026, the CDFI Fund issued 256 Notices of Award to successful applicants for the FY 2025 CDFI Program, 168 for the FY 2026 BEA Program, and 71 for the FY 2026 SDL Program. Upon issuance of those Notices of Award, the CFDI Fund obligated $288,992,757 in FY 2025 CDFI Program Funds. Thus, as of September 23, 2026, $288,992,757 in FY 2025 CDFI Program funds were obligated. As in prior years, there was a de minimis difference between the amount appropriated and the amount obligated due to certain complexities in the award calculations process.

As of September 28, 2026, no Assistance Agreements have been executed in connection with the FY 2025 CDFI Program Funds described above. The parties typically execute the Assistance Agreements several weeks after the CDFI Fund sends the Notices of Award to the successful applicants.

**2. <u>Plaintiff's Motion for a Temporary Restraining Order</u>**

Given the above Declaration, Defendants respectfully submit that Plaintiff's motion for a temporary restraining order should be denied. Plaintiff bears the burden of demonstrating that such relief is warranted. (*See Jack's Canoes & Kayaks, LLC v. Nat'l Park Serv.*, 933 F. Supp. 2d 58, 75-76 (D.D.C. 2013)) For the reasons set forth in Defendants' opposition and discussed at the September 28, 2026 hearing, Defendants submit that Plaintiff has not met that burden. Defendants propose that the Court deny the Plaintiff's motion for a temporary restraining order.

**3. <u>Proposed Summary Judgment Brief Scheduling</u>**

Should further proceedings be necessary, Defendants propose that the following schedule for summary judgment briefing:

- Defendants' motion for summary judgment due October 20, 2026;
- Plaintiff's opposition and cross motion for summary judgment due November 10; and
- Defendants' opposition to Plaintiff's cross motion and reply in support of their motion due November 24.

Defendants remain willing to confer with Plaintiff regarding a mutually amenable briefing schedule in a non-emergency posture.

In accordance with the Court's September 28, 2026 Minute Order, the Parties respectfully submit their respective positions as set forth above.

Dated: September 29, 2026 Respectfully submitted,

<u>/s/ Daniel W. Wolff</u>

GLOBAL BLACK ECONOMIC FORUM

Alphonso David (*pro hac vice* forthcoming)
34 35th Street, Suite 5A
Brooklyn, NY 11232
(212) 287-5864
alphonso.david@gbef.com

CROWELL & MORING LLP

Daniel W. Wolff (D.C. 486733)
Sharmistha Das (D.C. 1028821)
Qorah Thorner (D.C. 90046785)
Henry Leung (*pro hac vice* forthcoming)
600 Fifth Street NW
Washington, DC 20001
(202) 624-2621
dwolff@crowell.com

Derick D. Dailey (D.C. 1601705)
Cristina Diaz (*pro hac vice* forthcoming)
Two Manhattan West
375 Ninth Avenue
New York, NY
(212) 803-4016
ddailey@crowell.com

*Counsel for Plaintiff*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

STEPHEN M. ELLIOTTT
Assistant Branch Director
Civil Division Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Rm. 11214
Washington, DC 20005

/s/ William I. Friedman
WILLIAM I. FRIEDMAN
Trial Attorney
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 532-5541
E-mail: William.Friedman@usdoj.gov

*Counsel for Defendants*

# EXHIBIT A

## Proposed Stipulation

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FREEDOM ECONOMY BUSINESS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY; SCOTT BESSENT, in his official capacity as Secretary of the Treasury; COMMUNITY DEVELOPMENT FINANCIAL INSTITUTIONS FUND; and CHRIS MILLER, in his official capacity as Director of the CDFI Fund,<br><br>Defendants. | Case No. 1:26-cv-03288 |

**STIPULATION**

As instructed by the Court's Minute Order, dated September 28, 2026, the Parties have met and conferred and hereby agree as follows:

1. That Defendants have fully obligated Fiscal Year 2025 Community Development Financial Institutions Program Funds ("CDFI Funds") and will promptly undertake the disbursement process;

2. That Defendants shall ensure that the CDFI Funds appropriated are not treated as expired, lapsed, or otherwise unavailable for disbursement; and shall not deobligate, rescind, reduce, or cancel any award obligated by Notice of Award except for cause specific to the recipient as provided in the applicable Notice of Funds Availability, until Defendants have fully disbursed the CDFI Funds;

3. That Defendants agree that such funds that have been awarded to

eligible applicants, including eligible members of Plaintiff Freedom Economy Business Association, in accordance with 12 U.S.C. § 4706 and 12 C.F.R. § 1805.701 shall remain obligated;

4. Given the Defendants' representations as set out above, Plaintiff hereby withdraws its Motion for a Temporary Restraining Order and Preliminary Injunction without prejudice and the withdrawal does not resolve or waive any other claim or request for relief in the Complaint; and

5. That the parties agree to meet and confer regarding a schedule for Defendants' response to the Complaint.

**IT IS SO ORDERED**.

Dated: ___________________

_______________________________
U.S. District Judge

# EXHIBIT B

## Declaration

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FREEDOM ECONOMY BUSINESS ASSOCIATION,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF THE TREASURY; SCOTT BESSENT, in his official capacity as Secretary of the Treasury; COMMUNITY DEVELOPMENT FINANCIAL INSTITUTIONS FUND; and CHRIS MILLER, in his official capacity as Director of the CDFI Fund,

Defendants.

Case No. 1:26-cv-03288

**DECLARATION OF FREEDOM ECONOMY BUSINESS ASSOCIATION**

I, Tynesia Boyea-Robinson, declare as follows:

1. I am the Chair of the Board of Directors of Freedom Economy Business Association ("Freedom Economy"). I am responsible for overseeing organizational governance, participating in significant organizational decisions, providing guidance regarding the organization's policies and objectives, and helping direct and evaluate its program and initiatives. Through my position as Chair of Freedom Economy, I regularly communicate directly with Freedom Economy's members. As a result, I have direct knowledge of the facts discussed below, and I am authorized to submit this declaration on behalf of Freedom Economy.

2. I am submitting this declaration in support of the above-captioned litigation.

3. Based on information gathered by Freedom Economy from its membership, I know the following to be true:

4. One member, a certified CDFI operating in Texas as a nonprofit loan fund that is listed on Treasury's list of certified CDFIs, reported that on September 22 at 4:57 pm it received a notification from Pooja Patel, CDFI Program and Native Initiatives Program Manager, that it "was not selected for an FY 2025 TA Award." The notification explained that a "debriefing document" would be available in the "next few weeks" to provide "additional information related to the evaluation of your [a]pplication."

5. An hour later, the member received a separate email notification from the CDFI Fund stating that it was selected for a TA FY25 award. The notification explains that the award is in the amount of $150,000 and is "subject to all Recipient Specific Terms and Conditions, and the General Terms and Conditions as set forth in the Assistance Agreement." The email further states that the CDFI Fund "will transmit additional information regarding key deadlines and next steps to execute" the Assistance Agreement in the "coming weeks."

6. The email also provides that after the Assistance Agreement is executed, "Treasury will continue to closely review these awards throughout their periods of performance—including through audits, compliance reviews, and other monitoring of awardee performance and expenditures—to prevent waste, fraud, and abuse in its programs and to ensure that awardees do not engage in practices that violate federal anti-discrimination laws. It further provides that "[t]reasury's reviews will assess, as applicable, requirements under Executive Order 14332, Improving Oversight of Federal Grantmaking; Executive Order 14173, Ending Illegal Discrimination and Restoring Merit-Based Opportunity; Executive Order 14281, Restoring Equality of Opportunity and Meritocracy; Executive Order 14218, Ending Taxpayer Subsidization of Open Borders; and other applicable Executive Orders and Federal requirements. Where Treasury identifies material noncompliance, it will use the remedies available under law and the

terms of the award, including terminating unused funds, seeking recapture of previously disbursed funds, and pursuing decertification or other appropriate action where authorized."

7. Because if the conflicting emails from the CDFI Fund, this member is unsure of its award status.

8. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

/s/ Tynesia Boyea-Robinson
Tynesia Boyea-Robinson

Executed this 28th day of September, 2026.

# EXHIBIT C

## Notice of Award

6:00 5G+

FY 2025 CDFI and NACA Program - TA Applic...

DN Do Not Reply
To You
4:57 PM

FY 2025 CDFI and NACA - FA and TA...
DOCX - 23 KB

CDFI FUND U.S. DEPARTMENT OF THE TREASURY COMMUNITY DEVELOPMENT FINANCIAL INSTITUTIONS FUND

Dear Applicant:

Thank you for submitting a Technical Assistance (TA) Application for the Fiscal Year (FY) 2025 Community Development Financial Institutions Program (CDFI Program) and/or Native American CDFI Assistance Program (NACA Program) funding round. The Community Development Financial Institutions Fund (CDFI Fund) regrets to inform you that your organization was not selected for an FY 2025 TA Award.

A debriefing document, which provides additional information related to the evaluation of your Application, will be available in the next few weeks in your organization's Award Management Information System (AMIS) account. Instructions for accessing the FY 2025 debriefing documents are attached to this email.

Please refer to the FY 2025 CDFI Program and NACA Program Technical Assistance Application Evaluation Process document and the FY 2025 CDFI Program Notice of Funds Availability (NOFA) and/or the FY 2025 NACA Program NOFA for additional details about the CDFI Fund's evaluation process.

The CDFI Fund encourages you to apply for future funding rounds. If you have any questions, please submit a Service Request via your AMIS account, or contact the CDFI Fund's AMIS Helpdesk at amis@cdfi.treas.gov.

Sincerely,

Pooja Patel,
CDFI Program and Native Initiatives Program Manager

Reply All

Mail Files Copilot Calendar Apps

6:01 5G+

FY 2025 CDFI and NACA Program - TA Award...

CDFI FUND COMMUNITY DEVELOPMENT FINANCIAL INSTITUTIONS FUND

Dear Applicant,

The U.S. Department of the Treasury's Community Development Financial Institutions Fund (CDFI Fund) has selected your organization for a Technical Assistance (TA) award through the Fiscal Year (FY) 2025 Community Development Financial Institutions Program (CDFI Program) or Native American CDFI Assistance Program (NACA Program).

Please carefully read this email in its entirety as it contains important information about your award.

**Important Information Regarding Your Award**

The CDFI Fund hereby approves and awards an FY 2025 CDFI or NACA Program TA Award in the amount of [redacted] in order to provide Technical Assistance to build the capacity of a Community Development Financial Institution (CDFI) or an entity that proposes to become a CDFI (a) as set forth in 12 C.F.R. Part 1805.200 et seq., (b) as described in its CDFI Program or NACA Program Award Application for FY 2025 award funds, and (c) as further specified in the required Assistance Agreement that [redacted] will enter into with the CDFI Fund.

This approval and Award, subject to all Recipient Specific Terms and Conditions, and the General Terms and Conditions as set forth in the Assistance Agreement, shall constitute an obligation of the CDFI Fund to make such grant to [redacted] however, if [redacted] fails to affirm its timely utilization and/or acceptance of the FY 2025 CDFI or NACA Program Award by signing the Assistance Agreement in AMIS within 90 days of receipt of the Assistance Agreement or for other just cause as determined by the CDFI Fund, the CDFI Fund may terminate such obligation without further notice.

In the coming weeks, the CDFI Fund will transmit additional information regarding key deadlines and next steps to execute your Assistance Agreement.

Once the Assistance Agreement is executed, Treasury will continue to closely review these awards throughout their periods of performance—including through audits, compliance reviews, and other monitoring of awardee performance and expenditures—to prevent waste, fraud, and abuse in its programs and to ensure that awardees do not engage in practices that violate federal anti-discrimination laws.

Treasury's reviews will assess, as applicable, requirements under Executive Order 14332, Improving Oversight of Federal Grantmaking; Executive Order 14173, Ending Illegal Discrimination and Restoring Merit-Based Opportunity; Executive Order 14281, Restoring Equality of Opportunity and Meritocracy; Executive Order 14218, Ending Taxpayer Subsidization of Open Borders; and other applicable Executive Orders and Federal requirements.
Where Treasury identifies material noncompliance, it will use the remedies available under law and the terms of the award, including terminating unused funds, seeking recapture of previously disbursed funds, and pursuing decertification or other appropriate action where authorized.

**Award Information in Awards Management Information System (AMIS)**

Your FY 2025 Award information is available in your AMIS account. Instructions for accessing the FY 2025 Award record in AMIS are attached to this email.

**Assistance Agreements**

In order to receive the proceeds of the Award, your organization must enter into an Assistance Agreement with the CDFI

Reply All

*IMPORTANT: Please DO NOT complete any of the Assistance Agreement signature checkboxes (System for Award*

Mail Files Copilot 22 Calendar Apps

# EXHIBIT D

# Email

## Thorner, Qorah

**From:** Wolff, Daniel W.
**Sent:** Tuesday, September 29, 2026 10:29 AM
**To:** Friedman, William I (CIV); Dailey, Derick
**Cc:** Alphonso David; Elliott, Stephen M. (CIV); Anon, Pierce (CIV)
**Subject:** RE: Draft Joint Status Report: Freedom Economy Business Assoc. v. U.S. Dep't Treasury, et al., C.A. No. 26-3288-CJN

William, you'll get the draft when it's finished. It doesn't help matters that you refused to talk to us this morning, requiring that we include additional edits.

We will send it to you shortly and then file on our end since we have exhibits to attach.

**Dan Wolff**
Crowell & Moring LLP
dwolff@crowell.com
+1.202.624.2621 direct | +1.202.360.3675 mobile

---

**From:** Friedman, William I (CIV) <William.Friedman@usdoj.gov>
**Sent:** Tuesday, September 29, 2026 10:20 AM
**To:** Wolff, Daniel W. <DWolff@crowell.com>; Dailey, Derick <DDailey@crowell.com>
**Cc:** Alphonso David <alphonso.david@gbef.com>; Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>; Anon, Pierce (CIV) <Pierce.Anon@usdoj.gov>
**Subject:** RE: Draft Joint Status Report: Freedom Economy Business Assoc. v. U.S. Dep't Treasury, et al., C.A. No. 26-3288-CJN

Derick,

We transmitted our draft JSR last night. The JSR is due by 11:00 a.m.

Please provide your draft edits by 10:30 a.m.

Thank you,
William

**William I. Friedman | Trial Attorney**
Civil Division | Federal Programs Branch
U.S. Department of Justice
Phone: (202) 532-5541
Email: William.Friedman@usdoj.gov

---

**From:** Wolff, Daniel W. <DWolff@crowell.com>
**Sent:** Tuesday, September 29, 2026 9:38 AM
**To:** Friedman, William I (CIV) <William.Friedman@usdoj.gov>; Dailey, Derick <DDailey@crowell.com>
**Cc:** Alphonso David <alphonso.david@gbef.com>; Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>; Anon, Pierce (CIV) <Pierce.Anon@usdoj.gov>

**Subject:** [EXTERNAL] RE: Draft Joint Status Report: Freedom Economy Business Assoc. v. U.S. Dep't Treasury, et al., C.A. No. 26-3288-CJN

We may attach this email to the JSR. We'll circulate an edit shortly.

**Dan Wolff**
Crowell & Moring LLP
dwolff@crowell.com
+1.202.624.2621 direct | +1.202.360.3675 mobile

---

**From:** Friedman, William I (CIV) <William.Friedman@usdoj.gov>
**Sent:** Tuesday, September 29, 2026 9:31 AM
**To:** Wolff, Daniel W. <DWolff@crowell.com>; Dailey, Derick <ddailey@crowell.com>
**Cc:** Alphonso David <alphonso.david@gbef.com>; Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>; Anon, Pierce (CIV) <Pierce.Anon@usdoj.gov>
**Subject:** RE: Draft Joint Status Report: Freedom Economy Business Assoc. v. U.S. Dep't Treasury, et al., C.A. No. 26-3288-CJN

Good morning, Derick,

We do not see a need to agree to your proposed stipulation.

You have our declaration, and we have already prepared a draft JSR. We view this as a straightforward exercise.

As the JSR is due at 11:00 a.m., please let us know when we can expect your proposed revisions to the draft JSR.

Regards,
William

**William I. Friedman | Trial Attorney**
Civil Division | Federal Programs Branch
U.S. Department of Justice
Phone: (202) 532-5541
Email: William.Friedman@usdoj.gov

---

**From:** Wolff, Daniel W. <DWolff@crowell.com>
**Sent:** Tuesday, September 29, 2026 7:51 AM
**To:** Friedman, William I (CIV) <William.Friedman@usdoj.gov>; Dailey, Derick <ddailey@crowell.com>
**Cc:** Alphonso David <alphonso.david@gbef.com>; Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>
**Subject:** [EXTERNAL] Re: Draft Joint Status Report: Freedom Economy Business Assoc. v. U.S. Dep't Treasury, et al., C.A. No. 26-3288-CJN

William: this fails to address the only question that matters, which we discussed in the court hall at length: does the govt commit to the obligated funds not lapsing/expiring or otherwise being unavailable for disbursement after Sept 30?

We will have an edit to your JSR, but the content will be dictated by your answer to that question. Please advise of your availability for a phone call asap this morning. Thank you.

**From:** Friedman, William I (CIV) <William.Friedman@usdoj.gov>
**Sent:** Monday, 28 September 2026 23:51:14
**To:** Dailey, Derick <ddailey@crowell.com>
**Cc:** Wolff, Daniel W. <DWolff@crowell.com>; Alphonso David <alphonso.david@gbef.com>; Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>
**Subject:** Draft Joint Status Report: Freedom Economy Business Assoc. v. U.S. Dep't Treasury, et al., C.A. No. 26-3288-CJN

Dear Derick,

The Court ordered the parties to file a Joint Status Report (JSR), and so we have prepared the attached draft consistent with the Court's order. The Court did not order the parties to submit a stipulation.

Given the short turnaround, we wanted to send you our proposed draft JSR tonight so that we can work toward filing it tomorrow morning. This draft remains subject to internal review. In the meantime, please feel free to add Plaintiff's position to the JSR.

Regards,
William

**William I. Friedman | Trial Attorney**
Civil Division | Federal Programs Branch
U.S. Department of Justice
Phone: (202) 532-5541
Email: William.Friedman@usdoj.gov

---

**From:** Dailey, Derick <ddailey@crowell.com>
**Sent:** Monday, September 28, 2026 7:02 PM
**To:** Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>; Friedman, William I (CIV) <William.Friedman@usdoj.gov>
**Cc:** Wolff, Daniel W. <DWolff@crowell.com>; Alphonso David <alphonso.david@gbef.com>
**Subject:** [EXTERNAL] Freedom Economy Business Assoc. v. U.S. Dep't Treasury, et al., C.A. No. 26-3288-CJN

Stephen and William –

Per our discussion after today's hearing, please find for your review a draft stipulation to resolve the motion. Please let us know if you have any questions or want to discuss.

Best,
Derick

**Derick D. Dailey**
Pronouns: he/him/his
ddailey@crowell.com
+1.212.803.4016 direct
LinkedIn

Crowell & Moring LLP
Two Manhattan West

375 Ninth Avenue
New York, NY 10001

**Crowell**

**Collaboration Powers Success**

crowell.com
State AG Blog

This message may contain privileged and confidential information. IF IT WAS SENT TO YOU BY MISTAKE, DO NOT READ IT. Instead, please notify the sender (or postmaster@crowell.com) by reply e-mail, and delete this e-mail. Unauthorized dissemination, forwarding or copying of this e-mail is strictly prohibited.